IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL ROUNDTREE,<br><br>      Petitioner,<br><br>  vs.<br><br>T. FELKER,<br><br>      Respondent.. | C 07-1292 WHA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as barred by the statute of limitations. Petitioner has opposed the motion and respondent has filed a reply. Petitioner includes in his opposition a motion for appointment of counsel. The motion for counsel will be denied and the motion to dismiss will be granted.

**DISCUSSION**

**A.    MOTION FOR COUNSEL**

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Plaintiff has presented his arguments effectively and appears to understand the issues. The interests of justice do not require appointment of counsel.

**B.     MOTION TO DISMISS**

Respondent contends that the petition is barred by the statute of limitations.

The statute of limitations is codified at 28 U.S.C. 2244(d).  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  *Id.* 2244(d)(2).

Petitioner was convicted in 2002 of three counts of first-degree burglary and one count of receiving stolen property.  He was sentenced to prison for a term of fifty-three years. Petitioner filed a direct appeal and an accompanying state habeas petition.  The California Court of Appeal affirmed the conviction and denied the habeas petition; the California Supreme Court denied review in both cases on November 12, 2003.  The time to file a petition for certiorari in the United States Supreme Court thus expired on February 10, 2004, and that is when the statute of limitations began running.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, conviction became final 90 days after California Supreme Court denied review).  The deadline for petitioner's federal petition therefore was February 10, 2005, absent tolling.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (AEDPA statute of limitations is calculated according to the federal method of counting days, starting with the day after the triggering event; adopting "anniversary method" of calculating limitations period, in which expiration date of limitations period will be same date as triggering event but in following year).

Petitioner had two previous federal habeas petitions, but because they did not toll the limitations period, they are irrelevant to the calculation here.  *See Duncan v. Walker*, 533 U.S.

167, 181 (2001) (no tolling of AEDPA limitations period for pendency of federal habeas). He also filed several state habeas petitions, which he contends tolled the running of the limitations period.

Petitioner's first round of state habeas petitions, filed in the Superior Court, Court of Appeal, and Supreme Court, extended from November 16, 2004, to March 15, 2006. Respondent concedes for purposes of the motion that the limitations period was tolled for this entire time, including "gap tolling," that is, tolling for the period between the filing of each petition. After the California Supreme Court denied the petition in this first round, on March 15, 2006, petitioner's next state court action was on August 7, 2006, when he filed another petition in the California Supreme Court.

Petitioner used up slightly more than nine months of his one-year limitations period before he commenced his first round of state petitions. The gap between the California Supreme Court's denial of his last petition in the first round on March 15, 2006, and the date of filing of the successive California Supreme Court petition on August 7, 2006, was about four months, so if he was not entitled to tolling between the two California Supreme Court petitions, or to equitable tolling, the limitations period expired before he filed the second one.

The Ninth Circuit held in *Dils v. Small*, 260 F.3d 984 (9th Cir. 2001), that petitioners are not entitled to tolling for a gap between successive state habeas petitions filed in the state's highest court – the very issue here – so it is clear that petitioner's contention that he is entitled to tolling for the gap period is without merit. *See id.* at 986.

Petitioner contends in opposition that he is entitled to equitable tolling. He says that his issues here should have been raised by his counsel on direct appeal, presumably meaning that if they been he would not have had to file state habeas petitions in order to exhaust and the federal petition would not have been untimely. This argument is specious, however, because petitioner had one full clear year to file the federal petition, and the limitations period was tolled for the time any properly-filed state habeas petition was actually pending. It is because of petitioner's delay in filing his first round of state petitions, and his delay in filing another state petition after completion of that first round, that the petition is untimely.

Petitioner also contends that his conviction was a "miscarriage of justice," thus excusing him from the limitations requirement. The actual innocence gateway established in *Schlup v. Delo*, 513 U.S. 298 (1995), may be available to a petitioner whose petition is otherwise barred by AEDPA's limitations period. *See Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002) (implying that unavailability of actual innocence gateway would raise serious constitutional concerns and remanding to district court for a determination of whether actual innocence claim was established before deciding whether gateway is available under AEDPA). The Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *Id.* at 321. Here, petitioner's complaint that the trial court permitted an improper cross-examination question about petitioner's father's purported prison term for child molestation does not rise to that level, so assuming the truth of the contention, he has not shown actual innocence.[1]

## CONCLUSION

Petitioner's motions for an extension of time to file an opposition (document number 21 and 23) are **GRANTED**. The opposition is deemed timely.

Respondent's motion to dismiss (document number 14 on the docket) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March   9  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\ROUNDTREE1292.SL.wpd

---

[1] To whatever extent petitioner's reference to an evidentiary hearing in his opposition is a request for a hearing on the actual innocence question, the request is denied because petitioner has failed to allege any facts which if proved would entitle him to relief from the limitations bar.